# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: P.T. and G.T.**

**No. 13-0881** (Kanawha County 13-JA-2 and 13-JA-3)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Edward Bullman, appeals the Circuit Court of Kanawha County's August 7, 2013, order terminating her parental rights to P.T. and G.T. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem, Jennifer Victor, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in refusing her services or an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2007, the DHHR filed an abuse and neglect petition alleging that Petitioner Mother was addicted to illegal drugs which hindered her ability to care for her children. Petitioner Mother and her newborn infant, A.D., tested positive for cocaine and marijuana at A.D.'s birth. In June of 2008, Petitioner Mother's parental rights to her children, A.D. and A.H., were involuntarily terminated in Kanawha County after she failed to participate in the proceedings and failed to follow through with a reasonable case plan.[1]

In March of 2010, Petitioner Mother gave birth to P.T. Upon delivery, both Petitioner Mother and P.T. tested positive for marijuana and benzodiazepine. Subsequently, the DHHR filed a second petition for abuse and neglect against Petitioner Mother based on the prior involuntary termination of her parental rights and her illegal drug use while pregnant with P.T. Petitioner Mother was again offered services to remedy these same issues of abuse and neglect. In October of 2011, Petitioner Mother successfully completed a post-adjudicatory improvement period and regained custody of P.T.

In December of 2012, Petitioner Mother gave birth to G.T. Upon delivery, both Petitioner Mother and G.T. tested positive for amphetamine, methamphetamine, cocaine, and marijuana.

---

[1] This decision does not affect the termination of Petitioner Mother's parental rights in the previous abuse and neglect proceedings.

On January 8, 2013, the DHHR filed an abuse and neglect petition based upon the prior involuntary termination of Petitioner Mother's parental rights to her older children and her illegal drug use while pregnant with G.T. The petition also alleged that Petitioner Mother failed to provide the children with necessary food, clothing, supervision, and housing. The circuit court held a preliminary hearing and ordered that the children shall remain in the custody of their non-abusing father and directed Petitioner Mother to vacate the family home.

Following the adjudicatory hearing, the circuit court found by clear and convincing evidence that Petitioner Mother had "resumed the use of illicit drugs" during her pregnancy and while she was the primary caretaker for P.T. Furthermore, the circuit court found that Petitioner Mother admitted to abusing marijuana, cocaine, and Suboxone while pregnant with G.T. As a result, the circuit court ruled that the children were abused and neglected and that Petitioner Mother was an abusing parent. The circuit court held a dispositional hearing on March 22, 2013. Following this hearing, the circuit court found that aggravating circumstances existed and that Petitioner Mother had failed to remedy the issues of abuse and neglect that caused her prior termination. Accordingly, the circuit court terminated her parental rights to P.T. and G.T. The circuit court noted that Petitioner Mother was provided with "remedial and reunification services." The circuit court also noted that Petitioner Mother was given supervised visitation, but failed to participate in those visits. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights without granting her an improvement period. Petitioner Mother argues that the DHHR was not required to seek termination pursuant to West Virginia Code § 49-6-5b(a)(3) because her prior involuntary termination was superseded by a successfully completed improvement period in 2010. Petitioner Mother also argues that there was no evidence of abuse and neglect because she properly cared for the children from the time she regained custody of P.T. until the preliminary hearing. Petitioner Mother also argues that aggravating circumstances do not exist because she successfully completed an intervening improvement period in 2010.

In order to receive an improvement period, a parent must show that she "is likely to fully participate in the improvement period . . . ." West Virginia Code § 49-6-12(b)(2). West Virginia Code § 49-6-5(a)(7)(A)(C) states that the DHHR is not required to make reasonable efforts toward reunification if the court finds that the parent has subjected the child to aggravated circumstances, including when "the parental rights of the parent to another child have been terminated involuntarily." Finally, this Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). The record clearly shows that Petitioner Mother had her parental rights terminated in 2008. As such, the circuit court was not required to make reasonable efforts to reunify the family.

Finally, the Court finds no error in regard to the circuit court's termination of Petitioner Mother's parental rights. According to Petitioner Mother, instead of terminating her parental rights, the circuit court should have placed the children in the permanent care of their non-abusing father so that she could seek treatment and attempt reunification.

> When an abuse and neglect petition is brought based solely upon a previous involuntary termination of parental rights to a sibling pursuant to West Virginia Code § 49-6-5b(a)(3) (1998), prior to the lower court's making any disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s).

Syl. Pt. 4, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). "Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) is present." Syl. Pt. 2, in part, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). Moreover, termination is proper when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child . . . ." W.Va. Code § 49-6-5(a)(6).

As set forth in West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood that a parent can substantially correct the conditions of abuse and neglect in the near future when the parent has failed to follow through with a family case plan or other rehabilitative efforts designed to reduce or prevent abuse. In the present case, the DHHR filed an abuse and neglect petition against Petitioner Mother, in part, because she used illegal drugs while she was pregnant with G.T. Petitioner Mother's prior abuse and neglect petitions were also based on her use of illegal drugs while she was pregnant. Clearly, this condition has not changed or improved; Petitioner Mother gave birth to G.T. who tested positive for amphetamine, methamphetamine, cocaine, and marijuana. Despite one prior termination and one successfully completed post-adjudicatory improvement period, Petitioner Mother has not substantially improved the conditions which led to the filing of the instant petition, which were also the basis for abuse and neglect petitions filed

in 2007 and 2010. The circuit court specifically found that Petitioner Mother "failed to participate in supervised visits" and "demonstrated an inadequate capacity to solve the problems of child abuse or neglect on her own, or with help." Thus, this Court finds no error in the termination of Petitioner Mother's parental rights without an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and the August 7, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II